IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| CARL WAYNE HAMMONDS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 5:13-cv-01604-RDP-PWG |
| ) | |
| DEWAYNE ESTES, Warden; and ) | |
| THE ATTORNEY GENERAL FOR ) | |
| THE STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION**

On February 19, 2014, the Magistrate judge entered a Report and Recommendation concluding that this action for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 ("Petition") by Petitioner, Carl Wayne Hammonds ("Hammonds"), is due to be dismissed as successive. On March 4, 3014, Hammonds filed objections to the Report and Recommendation. (Doc. # 21). As he has in previous filings, Hammonds objects on the ground that the state court lacked jurisdiction to convict and sentence him regarding one of the counts of which he was found guilty. (*Id.*). Hammonds's objections are addressed, in turn, below.

Hammonds was convicted of two counts of cocaine trafficking. The counts were consolidated for trial, but bore separate case numbers: 88-435 and 88-436. On June 29, 1988, Hammonds was sentenced (1) to fifteen years on count # 88-436, and (2) to life imprisonment on count # 88-435 by operation of the Alabama Habitual Felony Offender Act. (Doc. # 17 at 22, 30 ).[1] Hammonds contends that the trial court lacked jurisdiction to convict and sentence him on count

---

[1] Hammonds's previous felony convictions were for rape, robbery, and burglary. (Doc. # 17 at 15).

# 88-435 due to a faulty indictment.

Although Hammonds styles his Petition as invoking 28 U.S.C. § 2241, it undoubtedly challenges his state court conviction and sentencing. Accordingly, the court will treat the Petition as one brought under § 2254. *See Anotonelli v. Warden,* 542 F.3d 1348, 1351 (11th Cir. 2008) (petitioner could not avoid procedural hurdles of § 2254 by labeling petition as one under § 2241). As explained in the Magistrate Judge's Report and Recommendation, Hammonds has previously challenged his convictions via § 2254 petitions. He has not obtained permission from the Eleventh Circuit to bring this successive petition. In fact, when ordered to provide such an order, Hammonds's response implied that no such order exists. (*See* Doc. # 19) (submitting newly-filed application to file second or successive petition). Because Hammonds has previously challenged his convictions, the court lacks jurisdiction to hear the Petition unless and until Hammonds obtains permission to do so from the Eleventh Circuit. 28 U.S.C. § 2244(b)(3)(A). Accordingly, Hammonds's substantive objections to the Report and Recommendation are **OVERRULED**.

Next, Hammonds objects to the Magistrate Judge's recommendation to deny a certificate of appealability. According to Hammonds, because he invokes § 2241, he is not required to obtain a certificate of appealability to appeal. If the Petition actually invoked § 2241, Hammonds would be correct. However, as explained above, the Petition is in reality a § 2254 petition, which is subject to the certificate of appealability requirements. *See Anotonelli,* 542 F.3d at 1351 Accordingly, Hammonds's objections relating to the certificate of appealability are **OVERRULED**.

Having carefully reviewed and considered *de novo* all the materials in the court file, the court is of the opinion that the Magistrate Judge's findings are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**. To the extent that the Hammonds's filing of March 4, 2014

(Doc. # 21), is construed as interposing objections to the Report and Recommendation, such objections are hereby **OVERRULED**.  To the extent that Hammonds's filing (Doc. #18) is construed as a motion, it is hereby **DENIED**.  Accordingly, the petition for writ of habeas corpus is due to be denied and dismissed.  A Final Judgment will be entered.

    **DONE** and **ORDERED** this \_\_\_\_11th\_\_\_\_ day of March, 2014.

_____
    **R. DAVID PROCTOR**
    UNITED STATES DISTRICT JUDGE